UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | Misc. No: 3:17MJ870 (DFM) |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR AN ORDER PURSUANT TO 18 U.S.C. ) | |
| § 2703(d) DIRECTING SPRINT SPECTRUM LLP ) | |
| TO DISCLOSE INFORMATION RELATED TO ) | |
| TELEPHONE NUMBER (631) 873-1522 ) | **UNDER SEAL** |

## APPLICATION FOR COURT ORDER COMMANDING PRODUCTION OF TELEPHONE RECORDS, PRECLUDING NOTICE, AND SEALING MOTION

The United States of America, through its attorneys, David B. Fein, United States Attorney, and Brian P. Leaming, Assistant United States Attorney, hereby moves this Court pursuant to 18 U.S.C. §§ 2703(c) and 2703(d) for an order: (1) requiring Sprint Spectrum LLP, a provider of electronic communication service within the meaning of 18 U.S.C. § 2510(15), to disclose to the United States Attorney in and for the District of Connecticut and to the Federal Bureau of Investigation and United States Drug Enforcement Administration the identification and address of cellular towers (cell site locations) related to the use of cellular telephone number (631) 873-1522 ("Target Telephone") for the period from November 15, 2008 through November 22, 2008; (2) authorizing the disclosure of electronic communications records; (3) precluding the provider of such service from disclosing to the subscriber or customers or to any other unauthorized person this request, any court order issued in connection with this request, the fact of disclosure of such records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. §2705(b); and (4) sealing the government's application, the court's order, and any related documents.

In support of this application, the undersigned states as follows:

1. The undersigned is an attorney for the government as defined by Rule 1(b) of the Federal Rules of Criminal Procedure and, therefore, pursuant to 18 U.S.C. § 2703(c) may apply for an order as requested herein.

2. Applicant certifies that the Federal Bureau of Investigation and the United States Drug Enforcement Administration are conducting a criminal investigation involving a kidnapping which occurred on November 18, 2008, in Hartford, Connecticut, in violation of 18 U.S.C. §1201. The investigation also involves possible violations of the Hobbs Act (interference with interstate commerce by threats or violence), in violation of 18 U.S.C. §1951; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and the use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Applicant further certifies that:

    a. On November 18, 2008, Troy Hicks, Sr., and his son, Troy Hicks, Jr., were abducted at gunpoint at or near 16 Case Street, Hartford;

    b. Hicks, Sr. was enticed to come to 16 Case Street by someone he knew who told Hicks that he had jewelry to sell;

    c. Troy Hicks, Sr. was forced at gunpoint to facilitate a meeting with Glen Smith by telephoning Smith and arranging a meeting;

    d. Smith was a known narcotics trafficker with whom Troy Hicks, Sr. had a relationship, and that Smith was the intended target of a robbery and/or kidnapping;

    e. Troy Hicks Jr. was held captive at or near the premises at 16 Case Street, Hartford, while one or more of the perpetrators accompanied Troy Hicks, Sr. to his meeting with Smith;

    f. Troy Hicks, Sr. was forced at gunpoint to drive his rental vehicle, a 2008 Volvo

XC90, and call Smith on Hicks' cell phone to set up the meeting;

  g. when Smith arrived to meet Hicks, Sr. in Hartford, Smith was suspicious and would not get out of his vehicle, so Hicks, Sr. and Smith agreed to meet at a location in East Hartford, Connecticut;

  h. when Smith and Hicks, Sr. arrived at the East Hartford location, Smith again would not get out of his vehicle;

  i. Hicks, Sr. was then instructed by the perpetrators to walk to Smith's vehicle and remove the keys from the ignition while one or more of the perpetrators converged on Smith's vehicle;

  j. Hicks, Sr. walked to Smith's vehicle, but then fled in the vehicle with Smith;

  k. after escaping, Hicks' Sr. notified his family and the police of his kidnapping and the kidnapping of his son;

  l. Hicks, Sr. later told the police that the perpetrators stole money and his cell phone;

  m. on November 22, 2008, the 2008 Volvo XC90, rented by Hicks, Sr., was recovered after Hartford Police observed it parked on Bellevue Street, Hartford;

  n. inside the 2008 Volvo XC90, officers recovered a Motorola cell phone with assigned telephone number (631) 873-1522 (**Target Telephone**);

  o. the information likely to be obtained from the electronic communications records and the records of cell site locations is relevant to the ongoing criminal investigation in that: 1) it could confirm if the **Target Telephone** was used by Hicks, Sr., or the perpetrators, in furtherance of the kidnapping and robbery scheme; 2) could confirm the location of Hicks, Sr., and the perpetrators, during this offense; and 3) it could aid in the identification of other co-

conspirators based on the incoming and outgoing telephone numbers from the **Target Telephone** before, during, and after the kidnapping.

3. The applicant further requests, pursuant to Title 18, United States Code, Section 2703(d), that Sprint Spectrum LLP; and/or any other wireless or hardline telecommunication company (collectively, the "Service Providers") be ordered to provide the FBI and DEA with the following information (with reimbursement by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the information) for a period beginning up to thirty (30 days) prior to the date of the request for the telephone numbers dialing or being dialed from the **Target Telephone**, and for the **Target Telephone**, and running through November 22, 2008:

   (a) subscriber's name;

   (b) subscriber's address

   (c) subscriber's local and long distance telephone connection records, or records of session times and durations, including cell site activations;

   (d) length of service (including start date) and types of service utilized;

   (e) telephone or instrument number (including ESN, IMSI, UFMI, and/or SIM numbers) or other subscriber number or identity, including any temporarily assigned network address; and

   (f) means and source of payment for such service (including any credit card or bank account number).

4. The applicant further requests the Court seal this Application, its Order, and the Order to Service Provider because premature disclosure of it would compromise the success of the investigation, except that a copy of the Application and the Court's Order may be provided to the FBI and DEA and a copy of the Order to Service Provider may be provided to the FBI and DEA,

Sprint Spectrum LLP, and the Service Providers. It is further requested that so as not to jeopardize this ongoing investigation the Court permit the applicant to retain custody of the original application and orders, which shall be filed at such time as the case is made public or when otherwise ordered by the Court.

5. The applicant further requests, pursuant to 18 U.S.C. § 3123(d), that to avoid prejudice to the criminal investigation, Sprint Spectrum LLP and its agents and employees, and the Service Providers and their agents and employees, not disclose or cause a disclosure of the Order to Service Provider or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court.

WHEREFORE, applicant requests the Court to enter the attached Order, 1) requiring Sprint Spectrum LLP, a provider of electronic communication service within the meaning of 18 U.S.C. § 2510(15), to disclose to the United States Attorney in and for the District of Connecticut and to the Federal Bureau of Investigation and the United States Drug Enforcement Administration the identification and address of cellular towers (cell site locations) and disclosure of electronic communications records related to the use of (631) 873-1522, for the period from November 15, 2008 through November 22, 2008; 2) precluding the provider of such service from disclosing to the subscriber or customers or to any other unauthorized person this request, any court order issued in connection with this request, the fact of disclosure of such records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. § 2705(b); and (3) sealing the government's application, the court's order (except for

the original Service Provider Order to be served on Sprint Spectrum LLP, and any related documents).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2010.

Brian P. Leaming
Assistant U.S. Attorney